## Kennedy's heirs v. The State.

Where there was a special verdict that the ancestor emigrated to the Province of Texas in 1827, and resided in the country until his death in 1829, but it was not found that the deceased was introduced into the country as a colonist, or that he was received or admitted as such in any colonial enterprise, or that he became otherwise entitled to a grant of land as a headright, it was held that his emigration simply did not entitle him to the land, and that the 10th Section of the General Provisions of the Constitution of the Republic, did not enlarge the bounty of the government in favor of his orphan children; *Held* also, that the terms " orphan children" in said 10th Section extends at most to lineal descendants, and not to collaterals.

Appeal from Washington. The plaintiffs brought suit in the District Court to obtain a certificate for a league of land in right of their ancestor, Abram Kennedy. The jury returned a special verdict, finding the following as the facts proved, to wit: " That the said Abram Kennedy emigrated to the Pro-" vince of Texas, in 1827; resided in the country till his death " in 1829, and at the time of his death left no children; that " his wife died soon after, and had not received any land from

" the government; that the plaintiffs are the heirs of the de-
" ceased, being heirs of Rhody Kennedy, his wife, and Thomas
" Kennedy, his brother; that three of said heirs have resided
" in the country from the death of said deceased, and the oth-
" ers reside in the States of Missouri and Illinois; and that
" the deceased never received any land from the government."
Upon this finding the Court gave judgment for the defend-
ant, and the plaintiffs appealed.

*Giddings*, for appellants.

*Attorney General*, for appellee.

WHEELER, J.   The plaintiffs appear to rest their claim to
the land they seek to recover, on the provision of the 10th Sec-
tion of the General Provisions of the Constitution of the Re-
public, which is as follows: " Orphan children, whose parents
" were entitled to land under the Colonization Laws of Mex-
" ico, and who now reside in this Republic, shall be entitled
" to all the rights of which their parents were possessed at the
" time of their death."

Two questions arise upon the facts of this case, 1st, Whether
the deceased was entitled to land under the Colonization Laws;
and 2nd, Whether the plaintiffs come within the description
of " orphan children" within the meaning of the law.   Both
questions, it is conceived, must be answered in the negative.

It does not appear that the deceased was introduced into the
the country as a colonist, or that he was received or admitted
as such in any colonial enterprize.   Nor does it appear that he
conformed in any respect to the laws relating to the distribu-
tion of lands, or that he was one of any class of persons enti-
tled to claim the benefits, conferred by those laws.   It appears,
simply, that he came to the country in 1827, and remained
until his death in 1829.   We have been referred to no law,
and we are aware of none, which entitled a party to land, up-

on proof of these facts simply ; or, without proof of other facts and qualifications on the part of the applicant, than those disclosed by the record in this case : and we are of opinion that the plaintiffs have failed to bring themselves within the provision of the law, as persons whose ancestor was entitled to land under the Colonization Laws. (See Administrator of Creth v. The Republic, 1 Tex. R. 83.)

This opinion dispenses with the necessity of passing upon the remaining question presented. If material, however, I apprehend it must be held that the words " orphan children," as used in the law, were intended to include, and consequently do include, only the ancestor's own children, or at most his grand children and descendants, and can by no just interpretation be held to include his collateral relations or heirs.

We are of opinion that the judgment be affirmed.

Judgment affirmed.